UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARL FRANZONE

                                    Plaintiff,        COMPLAINT
                                                          JURY TRIAL DEMANDED
          --Against--                                    07-3342

CON EDISON
                                    Defendant,
-------------------------------------------------------------------X

      Plaintiff, CARL FRANZONE, by his attorneys, LAW OFFICES OF AMBROSE WOTORSON, alleges as follows:

      I.      INTRODUCTION

      1.      This is an action brought pursuant to 29 U.S.C. Section 794 et seq., and 42 U.S.C. Section 12101 et seq. to vindicate the civil rights of plaintiff. Plaintiff contends that defendant altered the terms, conditions, and privileges of his employment on the basis of his recognized disability/impairment, Paruresis, and failed to accommodate his recognized disability. This illegal conduct is ongoing in nature.

      II.      JURISDICTION

      2.      This Court has jurisdiction over this action under 29 U.S.C. Section 794 et. seq., and 42 U.S.C. Section 12101 et seq. Venue is proper, as the operative events occurred within this judicial district, and plaintiff has filed the instant action within ninety (90) days from his receipt of a Right to Sue letter from the EEOC.

III. <u>PARTIES</u>

3. CARL FRANZONE (hereinafter, "plaintiff") who resides in Queens County, New York at 72-35 Metropolitan Avenue, Middle Village, New York 11379, hereby sues in on his own behalf.

4. CON EDISON (hereinafter, "defendant) is a for profit energy supply company. It is located at 4 Irving Place, New York, New York 10003.

IV. <u>FACTUAL AVERMENTS</u>

5. Plaintiff is employed by Con Edison as Assistant Storekeeper assigned to a location in the Bronx.

6. In light of a collective bargaining agreement which mandates that plaintiff could not be subjected to adverse employment actions without a showing of just cause, and in light of the Civil Service Laws, plaintiff has a protected property interest in his job.

7. Plaintiff's performance has been fully satisfactory at all relevant times.

8. However, the terms, conditions, and privileges of plaintiff's employment have been adversely affected on the basis of his recognized disability/impairment, Paruresis, in the following ways:

    a. Plaintiff is an Assistant Storekeeper with Con Edison assigned to a location in the Bronx.

    b. Plaintiff suffers from paruresis, a disability which causes a person to have extreme difficulty or an inability to urinate on demand.

    c. There is no dispute that Con Edison has a practice of conducting random drug tests on its employees by obtaining urine samples.

    d. Mr. Franzone has a record of having suffered from this disability.

e.  For example, on or about November 13, 2000, one of Mr. Franzone's physicians, Flavio Crisari, M.D., informed Con Edison's Occupational Health Department that Mr. Franzone had a "long standing problem in that he is unable to urinate on command, and in the presence of other people watching." Mr. Franzone also requested, through Dr. Crisari, an alternative form of drug testing, including blood tests, as a reasonable accommodation for his disability. (Exhibit "1").

f.  Upon information and belief, Con Edison's Occupational Health Department utterly ignored Mr. Franzone and his physician, Dr. Crisari.

g.  In fact, on or about December 1, 2000 – after he had requested an accommodation – Mr. Franzone was ordered to produce a urine sample. Mr. Franzone specifically replied that he was unable to do so, and that he suffered from a disability which caused him to have extreme difficulty or an inability to urinate on demand. As a direct consequence of his disability, Mr. Franzone was terminated on December 1, 2000. (Exhibit "2").

h.  On December 5, 2000, one of Con Edison's human resources specialists, Margaret Farran, specifically told Mr. Franzone's union's representatives that Mr. Franzone had been terminated because of "a condition identified by Occupation Health Services which precludes approval for continued employment." (Exhibit "3").

i.  On the same day, my Franzone's labor union filed a grievance protesting his wrongful discharge. (Exhibit "4"). The grievance was eventually

3

settled in early January 2001. This was only after Mr. Franzone had successfully produced a urine sample after nine (9) hours of trying.

j. On or about February 7, 2001, Mr. Franzone's urologist, Edmund Mandel, M.D, once again, informed Con Edison that Mr. Franzone suffered from the recognized disability of paruresis, and requested the reasonable accommodation of an alternative to his having to produce a urine sample on demand. (Exhibit "5").

k. On information and belief, Con Edison, once again, utterly ignored Mr. Franzone's request for a reasonable accommodation.

l. On or about May 30, 2001, Mr. Franzone was prescribed Xanax to ease any panic or anxiety associated with his condition whenever he was ordered to produce a urine sample on demand. (Exhibit "6").

m. In early 2003, Mr. Franzone was again ordered to produce a urine sample, and once again, Mr. Franzone experienced humiliation and extreme difficulty producing a urine sample.

n. On or about April 1, 2004, Dr. Crisari again informed Con Edison that Mr. Franzone suffered from paruresis. Dr. Crisari also informed Con Edison that he had prescribed 5 mg. of valium to Mr. Franzone to take prior to any random urine tests in order to alleviate any panic and/or anxiety associated with his condition. In other words, Mr. Franzone was prescribed a psychotropic drug to take prior to any random tests for the presence of drugs. (Exhibit "7").

o. Mr. Franzone now suffers from daily panic attacks associated with a fear

       that he will be subjected to a urine test at any time, that he will fail to produce the required sample, and that he will be terminated, as occurred in December 2000. Thus, on November 2, 2005, Mr. Franzone began psychotherapy sessions with a Clinical Psychologist because of these daily panic attacks. (Exhibit "8").

p.    In light of the his record of suffering from paruresis, complainant requested, on December 6, 2005, that Con Edison acknowledge his disability and grant him a reasonable accommodation of an alternative to having to produce urine samples on demand.

q.    On January 20, 2006, defendant denied plaintiff's reasonable accommodations request. (Exhibit "9").

r.    Mr. Franzone now suffers extreme anxiety on a daily basis, because of a well-founded fear that he will be subjected to a random urine test, that he will have extreme difficulty producing a sample, that he will be humiliated, and that he will eventually fired.

9.    As a further proximate result of defendant's' discriminatory acts towards plaintiff, plaintiff has suffered a loss of earnings, bonuses and other employment benefits.

10.    As a further proximate result of defendants' discriminatory actions towards plaintiff, plaintiff has suffered impairment and damage to plaintiff's good name and reputation.

11.    As a further proximate result of defendant's discriminatory actions towards plaintiff, plaintiff has suffered mental anguish and emotional injury.

12.    As a further proximate result of defendant 's discriminatory actions towards plaintiff, plaintiff has been unable to ameliorate his employment situation.

V.   CAUSES OF ACTION

FIRST CAUSE OF ACTION

13.   Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

14.   By discriminating against plaintiff because of his disability condition, to wit, paruresis, and by failing to give him a reasonable accommodation of an alternative drug test, defendant violated 29 U.S.C. Section 794 *et seq.* and 42 U.S.C. Section 12101 et seq.

SECOND CAUSE OF ACTION

15.   Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

16.   By discriminating against plaintiff because of his disability condition, to wit, paruresis, and by failing to give him a reasonable accommodation of an alternative drug test, defendant violated Section 296 of the New York Human Rights Law, and Sections 8-107(1)(a) and 8-107(15) of the New York City Administrative Code.

VI.   PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant to him judgment containing the following relief:

a.   Reinstatement;

b.   An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

c.   An award of punitive damages to be determined at the time of trial as against each individual defendant;

d.   An award of reasonable attorney fees and the costs of this action and;

6

  e. Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
   April 24, 2007

                Respectfully Submitted,
                Law Offices of Ambrose Wotorson, P.C.

                By_____/s/_____
                Ambrose W. Wotorson (AWW—2412)
                26 Court Street, Suite 1811
                Brooklyn, New York 11242

                718-797-4861