UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                        :
CARL FRANZONE,                                          :
                                                        :
                        Plaintiff,                      :
                                                        :        07 CV 3342 (AKH)
            -against-                                   :
                                                        :
CON EDISON,                                             :
                                                        :
                        Defendant.                      :
                                                        :
----------------------------------------------------------------X

ANSWER OF DEFENDANT
CONSOLIDATED EDISON COMPANY OF NEW YORK, INC

Defendant Consolidated Edison Company of New York, Inc. ("Con Edison," "Defendant," or "company") by its attorneys listed below, answers Plaintiff's complaint as follows:

1.      Denies the allegations contained in paragraph number 1 of the complaint and respectfully refers the Court to the cited statutes for their terms and provisions, and respectfully refers all questions of law, statutory interpretation, and application to the Court.

2.      Denies the allegations contained in paragraph number 2 of the complaint and respectfully refers the Court to the cited statutes for their terms and provisions, and respectfully refers all questions of law, statutory interpretation, and application to the Court.

3.      Denies the allegations in paragraph 3, except admits that Carl Franzone is listed as the Plaintiff in the caption of the complaint in this action.

4.      Denies the allegations in paragraph 4, except admits that Con Edison is a public utility with offices located at 4 Irving Place, New York, New York 10003.

5.       Denies the allegations contained in paragraph 5 of the complaint, except admits that Con Edison personnel records indicate that the Plaintiff is currently employed by Con Edison in the Union represented title of Assistant Store Keeper at one of the company's facilities located in the Bronx.

6.       Denies the allegations contained in paragraph 6 of the complaint.

7.       Denies the allegations contained in paragraph 7 of the complaint.

8.       Denies the allegation in the opening section of paragraph 8 of the complaint and responds to each subsection of paragraph 8 as follows:

   a.   Defendant repeats and reiterates its response to ¶ 5 as if fully set forth herein in response to paragraph 8, subparagraph a.;

   b.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8, subparagraph b.;

   c.   Admits the allegations in paragraph 8, subparagraph c.;

   d.   Denies the allegations in paragraph 8, subparagraph d.;

   e.   Denies the allegations in paragraph 8, subparagraph e., except denies knowledge or information sufficient to form a belief regarding the authenticity of Ex. 1;

   f.   Denies the allegations in paragraph 8, subparagraph f.;

   g.   Denies the allegations in paragraph 8, subparagraph g., except admits that Con Edison records reflect that on or about December 1, 2000, Plaintiff was randomly selected for drug testing, and denies knowledge or information sufficient to form a belief regarding the authenticity of Ex. 2;

   h.   Denies knowledge or information sufficient to form a belief regarding the allegations in paragraph 8, subparagraph h., and denies knowledge or information sufficient to form a belief regarding the authenticity of Ex. 3;

   i.   Denies the allegations in paragraph 8, subparagraph i., except states that Con Edison records show a grievance was filed by Plaintiff's union on his behalf, which was ultimately resolved in or around January 2001;

j.  Denies the allegations in paragraph 8, subparagraph j., except denies knowledge or information sufficient to form a belief regarding the authenticity of Ex. 5;

k.  Denies the allegations in paragraph 8, subparagraph k.;

l.  Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8, subparagraph l., and denies knowledge or information sufficient to form a belief regarding the authenticity of Ex. 6;

m.  Denies the allegations in paragraph 8, subparagraph m., except denies knowledge or information sufficient to form a belief regarding the allegations concerning what plaintiff experienced;

n.  Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8, subparagraph n., and denies knowledge or information sufficient to form a belief regarding the authenticity of Ex. 7;

o.  Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8, subparagraph o., and denies knowledge or information sufficient to form a belief regarding the authenticity of Ex. 8;

p.  Denies the allegations contained in paragraph 8, subparagraph p., except admits that on or about December 6, 2005, Defendant received a letter from Ambrose Wotorson, Esq. regarding Plaintiff;

q.  Denies the allegations in paragraph 8, subparagraph q.;

r.  Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8, subparagraph r.

9.  Denies the allegations in paragraph 9 of the complaint.

10.  Denies the allegations in paragraph 10 of the complaint.

11.  Denies the allegations in paragraph 11 of the complaint.

12.  Denies the allegations in paragraph 12 of the complaint.

CAUSES OF ACTION

13.  Defendant repeats and reiterates each of its responses to paragraphs 1 through 12 and each and every subpart thereof as if fully set forth herein in response to paragraph 13.

3

14.    Denies the allegations in paragraph 14 of the complaint.

15.    Defendant repeats and reiterates each of its responses to paragraphs 1 through 15 and each and every subpart thereof as if fully set forth herein in response to paragraph 15.

16.    Denies the allegations in paragraph 16 of the complaint.

PRAYER FOR RELIEF

17.    Denies the allegations in the "WHEREFORE Clause" under the heading "PRAYER FOR RELIEF" and in each of its subparts (a) – (e) and denies that Plaintiff is entitled to any of the relief requested therein.

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the applicable statutes of limitations.

THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction because Plaintiff has failed to satisfy the administrative and procedural prerequisites for commencing an action under the statutes cited in the complaint.

FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over claims that are beyond the scope of the charge Plaintiff filed with the Equal Employment Opportunity Commission, the New York City Commission on Human Rights and/or other state or local agency.

FIFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims asserted under 29 U.S.C. §794 because Plaintiff is not an individual with a disability as defined by 29 U.S.C. §705 (20) and, upon information and belief, Defendant's operations do not constitute a program or activity under 29 U.S.C. §794.

SIXTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate any damages he may have suffered by reason of Defendant's alleged conduct.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff at all relevant times had reasonably available to him an avenue of complaint within Con Edison under its expressed policy against discrimination and Plaintiff failed to utilize that procedure.

EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff made his complaints known to Defendant, Defendant took prompt action to investigate and appropriately remedy those complaints.

NINTH AFFIRMATIVE DEFENSE

Defendant's actions towards Plaintiff were not willful or malicious.

TENTH AFFIRMATIVE DEFENSE

All employment actions taken by Defendant affecting Plaintiff were lawful, nondiscriminatory, and taken for legitimate business reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the complaint pleads causes of action under state or local law, these causes of action are not properly within the pendent jurisdiction of the Court.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith towards Plaintiff at all times relevant herein, without any intent to injure or discriminate against him.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred, in whole or in part, by the exclusive remedy provisions of the New York State Workers' Compensation Law.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges discriminatory conduct or a discriminatory practice committed by an employee or agent of Defendant, Defendant has established policies, programs and procedures for the prevention and detection of unlawful discriminatory conduct and practices, including, but not limited to, a procedure for investigating complaints of discriminatory practices by employees and agents, and for taking appropriate action against those found to have engaged in such practices, a firm policy against discrimination which is communicated to employees and agents, a program to educate employees and agents about unlawful discriminatory practices under state, local and federal law, and procedures for the supervision of employees and agents directed at the prevention and detection of such practices.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified person with a disability as defined by the Americans with Disabilities Act (42 U.S.C. § 12101 et. seq.), or the New York Human Rights

6

Law (Executive Law § 290 et. seq, or the New York City Administrative Code §§ 8-107(1)(a) and 8-107(15).

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff may have suffered from a disability, a record of disability, or a perception of disability under the statutes cited in the complaint, any such disability was accommodated above and beyond the requirements of federal, state and local law.

### SEVENTEETH AFFIRMATIVE DEFENSE

To the extent the complaint raises a claim or claims under the collective bargaining agreement between the Plaintiff's union and Con Edison, which agreement provides for a grievance procedure culminating in binding arbitration, this action may not be maintained because Plaintiff has failed to exhaust the remedies available through the grievance/arbitration process.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred in whole or in part by a settlement and release entered into between the plaintiff and the company.

NINETEENTH AFFIRMATIVE DEFENSE

The actions of the Defendant towards Plaintiff were not malicious, reckless, recklessly indifferent to his statutory rights, shocking, or outrageous.

WHEREFORE, Defendant demands that the complaint be dismissed, with costs and disbursements to Defendant.

Dated: New York, New York
       July 16, 2007

                              MARY K. SCHUETTE (MS 4752)
                              Attorney for Defendant
                                Consolidated Edison Company
                              4 Irving Place, Rm. 1815-S
                              New York, New York 10003
                              (212) 460-2496

                    By:       _____
                              Jeanmarie Schieler (JS 5658)
                              (212) 460-2629
                              Barbara Jane Carey (BC 689)
                              (212) 460-1122

8